Law Offices of Vincent S. Wong
Vincent S. Wong. Esq.
39 East Broadway, Suite 306
New York, NY 10002
T: (212) 349-6099
F: (212) 349-6599
*Attorneys for the Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

--------------------------------------------------------------------X   **Civil Action No.: 19-CV-6673**

ZHEN MING CHEN, individually and on behalf of all
other employees similarly situated,

                                      *Plaintiff,*

          – against –

ABC CORPORATION 1-10 d/b/a TACO TODAY,
YIMING PENG, and JOHN DOE 1-10,

                                   *Defendants,*
--------------------------------------------------------------------X

      Plaintiffs, ZHEN MING CHEN, by and through his attorneys, the Law Offices of Vincent S. Wong, complaining of Defendants ABC CORPORATION 1-10 d/b/a TACO TODAY, YIMING PENG, and JOHN DOE 1-10, alleges as follows:

**PRELIMINARY STATEMENT**

      1.     Plaintiffs bring this action against Defendants ABC CORPORATION 1-10 d/b/a TACO TODAY, YIMING PENG, and JOHN DOE 1-10 (hereinafter collectively, "Defendants") to recover damages Plaintiffs are entitled to *inter alia*: (i) compensation for work performed for which no compensation was received or for wages paid at less than the statutory minimum wage; (ii) unpaid wages from Defendants for Plaintiff's overtime work for which overtime premium pay was not provided as required by law; and (iii) liquidated damages, declaratory relief, costs, interest, and attorneys' fees pursuant to the Fair Labor Standards Act (FLSA) 29 U.S.C. §§ 201,

1

*et seq*. and New York Labor Law (NYLL) §§ 650, *et seq*. and other appropriate rules, regulations, statutes and ordinance governing minimum and overtime wages, spread of hours, and notices and statements of rates of pay.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over this action, pursuant to 29 U.S.C. §§ 201, *et seq*., and 28 U.S.C. § 1331.

3. This Court has jurisdiction over the State Law claims pursuant to 28 USC § 1367 since it is so related to the FLSA claim that it forms part of the same case or controversy.

4. This Court has personal jurisdiction over Defendants because they are engaged in business within the State of New York, and the events complained of occurred in New York.

5. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391 because it is the judicial district in which a substantial part of the events or omissions giving rise to the claim occurred.

## THE PARTIES

6. Plaintiff ZHEN MING CHEN is an individual resident of the City and State of New York.

7. Defendant ABC CORPORATION 1-10 d/b/a TACO TODAY (hereinafter, TACO TODAY) is a domestic corporation located at 1659 First Avenue, New York, New York 10028.

8. Upon information and belief, at all times relevant, Defendant ABC CORPORATION 1-10 d/b/a TACO TODAY, are fictitious names to represent one or more entities and corporations, whose names and addresses are not currently known, who have violated Plaintiff's rights under the FLSA and NYLL.

9. At relevant times, Defendant TACO TODAY has been, and continues to be, an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

10. At all relevant times, Defendant TACO TODAY had gross revenues in excess of Five Hundred Thousand Dollars ($500,000).

11. Upon information and belief, at relevant times herein, Defendant TACO TOADY used goods and materials produced in interstate commerce, and employed at least two individuals who handled such goods and materials.

12. Upon information and belief, at relevant times, Defendant TACO TODAY constituted an "enterprise" as defined in the FLSA.

13. Upon information and belief Defendant TACO TODAY was Plaintiff's employer.

14. Upon information and belief Defendant YIMING PENG is an individual who is an owner or part owner, manager, and principal of defendant TACO TODAY, who has the power to hire and fire employees, set wages and schedules, and maintain their records.

15. Upon information and belief, Defendant YIMING PENG was involved in the day-to-day operations of Defendant TACO TODAY and played an active role in managing the business.

16. Upon information and belief, at all times relevant, Defendants JOHN DOE 1-10, are fictitious names to represent one or more individuals, whose names and addresses are not currently known, who have violated Plaintiff's rights under the FLSA and NYLL.

17. Upon information and belief Defendants JOHN DOE 1-10 are unknown individuals who are owners or part owners, managers, and principals of Defendant TACO TODAY, who has the power to hire and fire employees, set wages and schedules, and maintain their records.

18. Upon information and belief, Defendants JOHN DOE 1-10 were involved in the day-to-day operations of Defendant TACO TODAY and played an active role in managing the business.

19. Defendants are employers within the meaning of the FLSA and New York Labor Law.

20. Upon information and belief that Defendants had continuous, regular, and systematic contact in and with the State of New York.

## STATEMENT OF FACTS

21. Defendant TACO TODAY is a restaurant.

**- Plaintiff ZHEN MING CHEN**

22. Plaintiff was employed primarily as a delivery person for Defendants.

23. In addition to his duties as a deliveryman, Plaintiff was required to perform non-tipped side work, including taking out the cleaning, cutting, and preparing items to be used for delivery orders.

24. Plaintiff work was performed in the normal course of Defendants' business and was integrated into the business of Defendants, and did not involve executive or administrative responsibilities.

25. Plaintiff was an employee engaged in commerce and/or in the production of goods for commerce, as defined in the FLSA and its implementing regulations.

26. Plaintiff was employed by Defendants from approximately January 10, 2019 through March 21, 2019.

27. Plaintiff worked at TACO TODAY under the following schedule without breaks:

| | |
|---|---|
| Sunday: | 10:30am to 10:30pm |
| Monday: | 10:30am to 10:30pm |
| Wednesday: | 10:30am to 10:30pm |
| Thursday: | 10:30am to 10:30pm |
| Friday: | 10:30am to 10:30pm |
| Saturday: | 10:30am to 10:30pm |

28. Plaintiff was paid monthly, at a rate of $1,500 per month, regardless of the hours worked.

29. Specifically, Plaintiff was paid on January 31, 2019, February 28, 2019, and March 21, 2019.

30. Plaintiff was paid in cash.

31. Defendants did not pay Plaintiff minimum wage and spread of hours compensation required by both the FLSA and NYLL.

32. Defendants' failure to pay Plaintiff an amount at least equal to the Federal or New York State minimum wages in effect during all relevant time periods was willful, and lacked a good faith basis.

33. Defendants did not provide Plaintiffs with proper wage stubs of hiring statements as required by law.

34. Defendants failed to provide Plaintiffs with written notices providing the information required by the Wage Theft Prevention Act – including, *inter alia* Defendants' contact information, her regular and overtime rates, and intended allowances claimed – and failed to obtain his signatures acknowledging the same, upon his hiring or at any time thereafter, in violation of the Wage Theft Prevention Act in effect at the time.

35. Defendants failed to provide Plaintiffs with weekly records of the regular and overtime compensation and hours worked, in violation of the Wage Theft Prevention Act.

36. Upon information and belief, while Defendants employed Plaintiffs, and through all relevant time periods, Defendants failed to maintain accurate and sufficient time records or provide accurate records to employees.

37. Defendants refused to properly pay Plaintiffs the legal wages.

38. Upon information and belief Defendants took steps to hide knowledge of employee's rights under the law from Plaintiffs.

39. The Defendants failed to post notices of the employees' rights under the law, required by 29 C.F.R. § 516.4.

40. The Defendants failed to post notices of the employees' rights under the law, required by NYLL § 661 and N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.8.

41. Defendants failed to reimburse Plaintiffs for expenses related to the vehicle Plaintiffs were required to maintain and use as part of Plaintiffs' employment for Defendants.

## COLLECTIVE ACTION ALLEGATIONS

42. Plaintiffs brings this action individually and as class representative individually and on behalf of all other and former non-exempt employees who have been or were employed by the Defendants for up to the last three (3) years, through entry of judgment in this case (the "Collective Action Period") and whom were not compensated at their promised hourly rate for all hours worked and at one and one half times their promised work for all hours worked in excess of forty ( 40) hours per week (the "Collective Action Members").

## COUNT I

### Fair Labor Standards Act – Minimum Wage

43. Plaintiffs repeat and incorporate all of the foregoing paragraphs as if they are fully set forth herein at length.

44. At all relevant times, Defendants employed Plaintiffs within the meaning of the FLSA.

45. Defendants failed to pay a salary greater than the minimum wage to Plaintiffs for all hours worked.

46. As a result of Defendants' willful failure to compensate Plaintiffs at a rate at least equal to the federal minimum wage for each hour worked, Defendants have violated, and continue to violate, the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. § 206.

47. Upon information and belief Defendants took steps to hide knowledge of employee's rights under the law from Plaintiffs.

48. The Defendants failed to post notices of the employees' rights under the law, required by 29 C.F.R. § 516.4.

49. Because of the Defendants' failure to post notices of the employees' rights under the law, the Plaintiffs are entitled to the equitable tolling of their claims during the time that the Defendant failed to post such notices.

50. The foregoing conduct, as alleged, constituted a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a), and lacked a good faith basis within the meaning of 29 U.S.C. § 260.

51. Due to Defendants' FLSA violations, Plaintiffs are entitled to recover from defendants their unpaid compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## COUNT II

### New York Labor Law – Minimum Wage

52. Plaintiffs repeat and incorporate all of the foregoing paragraphs as if they are fully set forth herein at length.

53. At all relevant times, Plaintiffs were employed by Defendants within the meaning of the NYLL §§ 2 and 651.

54. Defendants willfully violated Plaintiffs' rights by failing to pay Plaintiffs' compensation in excess of the statutory minimum wage in violation of the NYLL §§ 190-199, 652 and their regulations.

55. The Defendants failed to post notices of the employees' rights under the law, required by NYLL § 661 and N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.8.

56. Because of the Defendants' failure to post notices of the Defendants' employees' rights under the law, the plaintiffs are entitled to the equitable tolling of their claims during the time that the Defendants failed to post such notices.

57. Defendants' failure to pay compensation in excess of the statutory minimum wage was willful, and lacked a good faith basis, within the meaning of NYLL §§ 198 and 663, and supporting regulations.

58. Due to Defendants' NYLL violations, Plaintiffs are entitled to recover from Defendants their unpaid compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to NYLL §§ 198 and § 663(1).

## COUNT III

### New York Labor Law – Spread of Hours

59. Plaintiffs repeat and incorporate all of the foregoing paragraphs as if they are fully set forth herein at length.

60. At all relevant times, Plaintiffs were employed by Defendants within the meaning of the NYLL §§ 2 and 651.

61. Defendants willfully violated Plaintiffs' rights by failing to pay Plaintiffs an additional hour's pay at the minimum wage for each day Plaintiffs worked more than ten hours, in violation of the NYLL §§ 650, *et seq*. and its regulations in 12 N.Y.C.R.R. § 146-1.6.

62. Defendants' failure to pay the "spread of hours" premium was willful, and lacked a good faith basis, within the meaning of NYLL §§ 198 and 663, and supporting regulations.

63. Due to Defendants' NYLL violations, Plaintiffs are entitled to recover from Defendants their unpaid compensation, liquidated damages, interest reasonable attorneys' fees, and costs and disbursements of the action, pursuant to NYLL §§ 198 and 663(1).

## COUNT IV

### New York Labor Law – Wage Theft Prevention Act

64. Plaintiffs repeat and incorporate all of the foregoing paragraphs as if they are fully set forth herein at length.

65. At all relevant times, Plaintiffs were employed by Defendants within the meaning of the NYLL §§ 2 and 651.

66. Defendants willfully violated Plaintiffs' rights by failing to provide Plaintiffs with the wage notices required by the Wage Theft Prevention Act when they were hired, or at any time thereafter.

67. Defendants willfully violated Plaintiffs' rights by failing to provide Plaintiffs with weekly wage statements required by the Wage Theft Prevention Act at any time during Plaintiffs' employment.

68. Due to Defendants' NYLL violations relating to the failure to provide compliant and accurate paystubs, Plaintiffs are entitled to recover from the Defendants statutory damages, up to the maximum statutory damages.

69. Due to Defendants' NYLL violations relating to the failure to provide wage notices, Plaintiffs are entitled to recover from the Defendants statutory damages up to the maximum statutory damages.

## COUNT V

### Breach of Implied Contract for Reimbursement of all Costs and Expenses of Delivery Vehicle, including Depreciation, Insurance, Maintenance and Repairs Brought on behalf of all Plaintiffs

70. Plaintiffs repeat and incorporate all of the foregoing paragraphs as if they are fully set forth herein at length.

71. Throughout the relevant period, Defendants required their deliverymen to bear all of the "out-of-pocket" costs associated with their vehicles, including the purchase, maintenance, repair, maintenance of the delivery vehicles, including bicycles and electric bicycles.

72. Plaintiffs had actual "out-of-pocket" vehicle related expenses.

73. The conduct of Defendants, and the course of Defendant's conduct between the parties, evidenced an intent for Plaintiffs to maintain the delivery vehicle in working condition.

74. Plaintiffs purchased, maintained and repaired the bicycle and electric bicycles at their own expense.

75. Plaintiffs performed these deliveries for the sole benefit of the Defendants.

76. Defendants neither explicitly nor implicitly requested Plaintiff to cease the purchase of gasoline and/or the maintenance of the vehicle.

77. As a result of the afore-alleged conduct of the parties, an implied contract arose between them the terms of which are that Plaintiffs would incur the expenses for bicycle purchase and vehicle maintenance, in exchange for compensation from Defendants for such expenses.

78. Defendants never compensated Plaintiffs for any expenses incurred from the purchase and maintenance of the electric bicycles, and the purchase of batteries. As a result, Defendants breached the implied contract by failing and refusing to pay Plaintiffs a reasonable sum under the afore-alleged facts.

79. Defendants owe Plaintiffs their overdue costs of delivery vehicles, cost of battery change, if applicable, and maintenance of the bicycle.

## COUNT VI

### Fair Labor Standards Act - Overtime

80. Plaintiff repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

81. At all relevant times, Defendants employed Plaintiff within the meaning of the FLSA.

82. At all relevant times, Defendants had a policy and practice of refusing to pay overtime compensation to Plaintiff for hours he worked in excess of forty hours per workweek.

83. As a result of Defendants' willful failure to compensate Plaintiff at a rate at least one-and-one half times the regular rate of pay for work performed in excess of forty hours per

workweek, Defendants have violated the FLSA, 29 U.S.C. §§ 201 et seq., including 29 U.S.C. §§ 207(a)(1) and 215(a).

84. The foregoing conduct, as alleged, constituted a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a), and lacked a good faith basis within the meaning of 29 U.S.C. § 260.

85. Due to Defendants' FLSA violations, Plaintiff is entitled to recover from Defendants his unpaid overtime compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## COUNT VII

### New York Labor Law - Overtime

86. Plaintiff repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

87. At all relevant times, Plaintiff was employed by defendants within the meaning of the New York Labor Law, §§ 2 and 651.

88. Defendants willfully violated Plaintiff's rights by failing to pay his overtime compensation at rates at least one-and-one-half times the regular rate of pay for each hour worked in excess of forty hours per workweek in violation of the New York Labor Law §§ 650 et seq. and its supporting regulations in 12 N.Y.C.R.R. § 146.

89. Defendants' failure to pay overtime was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

90. Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants her unpaid overtime compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and §663(1).

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs demand judgment be granted for the following relief:

a) A compensatory award of unpaid compensation, at the statutory overtime rate, due under the FLSA and the New York Labor Law;

b) Compensatory damages for failure to pay the minimum wage pursuant to the FLSA and New York Labor Law;

c) An award of liquidated damages as a result of defendants' willful failure to pay the statutory minimum wage and overtime compensation pursuant to 29 U.S.C. § 216;

d) Compensatory damages for failure to pay the "spread of hours" premiums required by New York Labor Law;

e) Liquidated damages for defendants' New York Labor Law violations;

f) Statutory damages for defendants' violation of the New York Wage Theft Prevention Act;

g) Back pay;

h) Punitive damages;

i) Compensatory damages for Plaintiffs vehicles related expenses;

j) An award of prejudgment and post judgment interest;

k) An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

l) Such other, further, and different relief as this Court deems just, proper, and equitable.

| | |
|---|---|
| Dated: July 17, 2019<br>New York, New York | Respectfully submitted,<br><br>**LAW OFFICES OF VINCENT S. WONG**<br><br> */s/ Vincent S. Wong* <br>Vincent S. Wong, Esq. |